UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:23CR00019 (AWT) |
| VS. | : | |
| JASON GORISS | : | APRIL 17, 2023 |

<u>MEMORANDUM OF LAW IN AID OF SENTENCING</u>

Jason Goriss is a 49-year-old man whose experience of repeated childhood sexual abuse has had reverberations throughout his adult life—whether in the form of difficulties with intimate relationships, compulsive behaviors, substance abuse or depression and anxiety.  Mr. Goriss feels much shame regarding his criminal acts and is committed to participating in every program of sex offender treatment that the prison system, whether the Connecticut Department of Correction or the federal Bureau of Prisons, offers.

Premised upon the grounds discussed below, Mr. Goriss respectfully submits this memorandum in aid of sentencing in support of his request for a non-Guidelines sentence of 144 months of imprisonment, a recommendation agreed to by the parties in the plea agreement.  The parties contend that a sentence of 144 months of imprisonment (with a

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE H-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

1

10-year mandatory minimum) is reasonable and sufficient, but not greater than necessary to achieve the goals of sentencing.

I.   <u>History and characteristics of Jason Goriss</u>.

a.   <u>Mr. Goriss's background and personal history</u>.

In many ways, Jason Goriss had an unremarkable upbringing and early adulthood. He was raised by his father and stepmother in a home untouched by familial discord. PSR ¶¶ 57-58. He experimented with drugs and alcohol, but made a decision at age 30 to abstain from all substances and has maintained his sobriety ever since. PSR ¶¶ 70-73. He was consistently employed and advanced in his career as a truck driver and electrician. PSR ¶¶ 77-82. And although his marriages did not last, he has a 19-year-old son, Jason Goriss Jr., with whom he is very close and speaks with weekly. PSR ¶¶ 63-66.

However, Mr. Goriss's experiences at age seven of being sexually abused by a 13 year-old female neighbor and at age ten of being sexually abused by his brother's 16-year-old male friend have had an extremely negative impact on the trajectory of his life. He is still emotional when discussing his victimization as a child. He has been as of yet unable to grapple with these traumas in a therapeutic setting, although he now expresses a desire to do so. PSR ¶¶ 59-60, 74. It is undeniable that there is a connection between

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

his childhood sexual abuse and his adult criminal conduct, and Mr. Goriss intends to address these connections through mental health treatment for trauma and PTSD while incarcerated.

     b.  <u>Mr. Goriss's criminal history.</u>

Mr. Goriss has a single prior criminal conviction.  PSR ¶ 48.  Eighteen years ago, he was convicted in New Haven Superior Court of illegal sexual contact with a female victim under the age of 16.  He was sentenced to eight years of incarceration, with three years to serve, and 15 years of probation.  He has a violation of probation charge pending, premised on this federal prosecution as well as two pending state court cases, described below.  PSR ¶ 48.

Mr. Goriss has two criminal cases pending in New Haven Superior Court.  PSR ¶¶ 20, 21, 53. In one case it is alleged that in 2004 he committed one count of illegal sexual contact with a female under age 16 and that in 2011 he committed two counts of 1st degree sexual assault.  PSR ¶ 53.  The second case alleges that in 2020 he committed one count of sexual assault in the 4th degree and one count of illegal sexual contact with a female under the age of 16.  PSR ¶¶ 23, 54.

Although Mr. Goriss's sexual assault cases—one conviction and two matters still pending—are of concern when considered in combination with the instant offense, there

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE HD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

is empirical evidence that for offenders convicted of child pornography offenses, having an official record of "contact sexual behavior" is "not generally associated with significantly higher recidivism rates."[1]    In fact, the general rearrest rates for child pornography offenders with contact sexual records (15 percent) was nearly the same as child pornography offenders without any records of contact sexual offending (13 percent).[2] Further, research shows that child pornography offenders with backgrounds of contact sexual offending "exhibit only slightly higher risk characteristics and recidivism rates compared to child pornography offenders with no records of contact sexual offending."[3] The U.S. Sentencing Commission also found similar rates of general recidivism between child pornography offenders with and without histories of criminally sexual behavior.[4]  Of relevance to the question of the most appropriate period of incarceration for Mr. Goriss, research indicates that treatment for sexual offenders in the community is more effective than treatment in institutions and has a "larger effect in reducing recidivism."[5]

---

[1] Thomas Cohen and Michelle Spidell, *How Dangerous Are They? An Analysis of Sex Offenders Under Federal Post-Conviction Supervision*, 80 FED. PROB. J. 21, 28 (Sept. 2016), https://www.uscourts.gov/federal-probation-journal/2016/09/how-dangerous-are-they-analysis-sex-offenders-under-federal-post.
[2] *Id.*
[3] *Id.* at 30.
[4] *Id.* at 31.
[5] Bitna Kim et al., *Sex Offender Recidivism Revistied: Review of Recent Meta-analyses on the Effects of Sex Offender Treatment*, 17 TRAUMA, VIOLENCE, AND ABUSE 1, 10-11 (2016), https://www.researchgate.net/publication/270765529_Sex_Offender_Recidivism_Revisited.

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

c.  <u>Mr. Goriss assumes responsibility for his actions.</u>

When reflecting on the choices he made regarding the instant offense, Mr. Goriss feels a combination of shame and remorse for sending, receiving, and sharing via the internet images of child pornography, including material that portrays sexual abuse of an infant or toddler.

********************************

The Court is urged to consider all of the foregoing facts regarding the history and characteristics of Jason Goriss and craft a sentence that, while accomplishing the objectives of 18 U.S.C. § 3553(a), "retains an important measure of individualized discretion." *United States v. Fernandez*, 877 F.2d 1138 (2d Cir. 1989).

II.   <u>Offense conduct</u>

United States Sentencing Guideline § 2G2.2, which governs possessing, receiving, or distributing child pornography (not the creation and production of the materials), is one that is "fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires."   *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).   When this Guideline and its enhancements were first introduced in the early to mid-1990s, the

Internet was in its infancy, and just 28 percent of offenders used computers.[6]  At that time child pornography was accessed via specialty magazines and adult bookstores or purchased and obtained through the mail.[7]  The number of photographs or pictures that an offender possessed or shared could be readily counted, and it was not uncommon for the number to be less than ten.

Over the years, at the direction of Congress, the Sentencing Commission has increased the severity of penalties for this Guideline, despite "often openly oppos[ing] these Congressionally directed changes."  *Id.* at 184-86.  The base offense level for simple possession, for example, has increased from ten in 1990 to 18 in 2003.[8]  Four of the six Guideline's enhancements, which account for at least 13 offense levels, are effectively triggered for nearly all non-production offenders (those not charged with producing child pornography); this results in a Guideline sentencing range near the statutory maximum, thereby recommending a higher sentence for possessors of child pornography than applies to adults who commit acts of rape against minors.  In other words, these four enhancements are "all but inherent" to the offense, with a 2014 study

---

[6] TROY STABENOW, DECONSTRUCTING THE MYTH OF CAREFUL STUDY: A PRIMER ON THE FLAWED PROGRESSION OF THE CHILD PORNOGRAPHY GUIDELINES 16 (rev. Jan. 1, 2009), https://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2016/report_stabenow.pdf.

[7] *Id.* at 16.

[8] *Id.* at 40.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE HD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

PARRETT PORTO PARESE & COLWELL, P.C.
239 WHITNEY AVE, STE I-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

showing that 96 percent of all child pornography defendants received the prepubescent-minor enhancement, and 95 percent received the enhancement for use of a computer.[9] A more recent 2019 study indicated that 80 percent of child pornography defendants received the enhancement for abuse of an infant or toddler, and 95 percent received the enhancement for the number of images, with the average non-production child pornography offense involving a median number of 4,265 images.[10]   For all of these reasons, the Second Circuit has continued to require post-*Dorvee* that courts take particular care in child pornography sentencing, as the applicable Guidelines may lead to excessive punishment.   *See, e.g., United States v. Jenkins*, No. 14-4295 at 12-13 (2d Cir. 2017) (vacating as substantively unreasonable a sentence imposed under U.S.S.G. § 2G2.2); *United States v. Sawyer*, No. 15-2276 (2d Cir. 2016) (vacating, in a summary order, a 30-year child pornography sentence on substantive unreasonableness grounds).

In Mr. Goriss's case, the Sentencing Guideline calculations reflect these concerns. Mr. Goriss's base offense level is 18, but with "all but inherent" enhancements for material involving a prepubescent minor (+2); distribution (+2); images of an infant or toddler (+4);

---

[9] UNITED STATES SENTENCING COMMISSION, *Use of Guidelines and Specific Offense Characteristics, Fiscal Year 2014* 42-43.

[10] UNITED STATES SENTENCING COMMISSION, *Federal Sentencing of Child Pornography: Non-Production Offenses* 4, 19, June 2021, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf.

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

use of a computer (+2), and possessing between 300 and 600 images (+4), his total adjusted offense level increased by 14 levels and his resulting sentencing range from 57-71 months (which includes five additional levels for a second conviction for a child sex crime) to 188-235 months. PSR ¶¶ 30-36.  A June 2021 report from the United States Sentencing Commission entitled, "Federal Sentencing of Child Pornography: Non-Production Offenses," argues that technological advancements have outpaced the relevance of these enhancements and recommends that Congress enact legislation providing the Commission express authority to amend the Guideline provisions to eliminate the disproportionate emphasis on outdated measures of culpability.[11]  The purpose of attributing enhancement levels is to distinguish between more and less severe cases, but because the current Guideline has failed to keep up with technology, the enhancements under § 2G2.2 do not serve that critical function.

Increasingly, courts have acknowledged this state of affairs, applying downward variances in response to high Guideline ranges that apply to the typical non-production child pornography offender.  For instance, in 2019, less than one-third (30 percent) of non-production child pornography offenders received a sentence within the Guideline

---

[11] *Id.* at 2.

8

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE HD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS No. 045340

range, and the majority (59 percent) received a variance below the Guideline range.[12] Yet, despite this trend towards applying downward variances, there still exist significant disparities in sentencing child pornography offenders.   The U.S. Sentencing Commission's 2021 report notes that the sentences for 119 similarly-situated possession offenders—who had the same Guideline calculation through the application of the same specific offense characteristics and the same criminal history category—ranged from probation to 228 months.[13]   The sentences for 52 similarly-situated receipt offenders ranged from 37 months to 180 months.[14]   Given the data, imposing a non-Guidelines sentence on Mr. Goriss would be consistent with these trends.

III.   A non-Guidelines sentence is warranted.

The Sentencing Guidelines, according to the PSR, recommend a sentencing range in this case of 188 to 235 months' imprisonment.  PSR ¶ 90.  While the Court is required to consider the range of penalties suggested by the Sentencing Guidelines, it is not bound by that recommended range.   *Gall v. United States*, 552 U.S. 38, 50 (2007) (the Guidelines remain "only one of the factors to consider when imposing sentence," and the ultimate sentence must represent the "informed and individualized judgment" of the Court

---

[12] *Id.* at 5.
[13] *Id.* at 7.
[14] *Id.*

PARRETT PORTO PARESE & COLWELL, P.C.

2319 WHITNEY AVE, STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS No. 045340

based on the "unique facts" of each case).  In fact, the Court may craft a sentence that varies significantly from that contemplated by the Guidelines, so long as the sentence is "supported by a more significant justification."  *United States v. Fareed Mumuni*, No. 18-1604-CR-2019 WL 7196814, at *10 (2d Cir. Dec. 27, 2019), *citing Gaul*, 552 U.S. at 50. *See also Nelson v. United States*, 555 U.S. 350, 352 (2009) ("The Guidelines are not only not mandatory on sentencing courts; they are also not to be *presumed* reasonable."); *Rita v. United States*, 551 U.S. 338, 351 (no presumption of reasonableness applies to the initial sentencing analysis conducted by the District Court); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (It is "emphatically clear that the Guidelines are Guidelines—that is, they are truly advisory").

While the Guidelines are not mandatory, the Court is bound by the dictate of 18 U.S.C. § 3553(a) that the Court "shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing.  Consequently, as the Second Circuit held in *United States v. Ministro-Tapia*, 470 F.3d 137 (2d Cir. 2006), if the Court determines that a lower sentence will be as effective in meeting the goals of sentencing as a higher one, it must opt for the lower sentence.  *See id.* at 142 (where a Guidelines sentence is "in equipoise with [a] below-the-range sentence," the parsimony clause requires imposition of the lower sentence).

Because the governing legal standard requires the Court to impose a sentence that is minimally sufficient to accomplish the purposes of a criminal sentence, a non-Guidelines sentence achieves the goals of sentencing in this case.

IV.   <u>Conclusion.</u>

For the reasons discussed herein and as will be discussed in greater detail at the sentencing hearing, Mr. Goriss respectfully requests that the Court impose a non-Guidelines sentence, specifically 144 months in prison, which in this case is sufficient but not greater than necessary to satisfy the commands of 18 U.S.C. § 3553a.

Respectfully submitted,
THE DEFENDANT,

JASON GORISS

<u>/s/ Tamar R. Birckhead</u>
TAMAR R. BIRCKHEAD
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1-D
Hamden, CT 06518
(203) 281-2700/Fed Bar ct30217

<u>CERTIFICATION</u>

This is to certify that on this 17th day of April, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice

11

of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Tamar R. Birckhead*

TAMAR R. BIRCKHEAD, ct30217

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE, STE HD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340