UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:23cr19(AWT) |
| v. | : | |
| JASON GORISS | : | APRIL 26, 2023 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

*"The fact that I am struggling to write this statement, to tell the court the devastating effects of the ongoing circulation of my sex abuse images is yet one more challenge I face as a result of the crimes against me. My childhood innocence was stolen and continues to be exploited on a daily basis by strangers."* Victim Impact Statement, PSR at ¶ 25.

On February 8, 2023, Jason Goriss waived indictment and entered a guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

After consideration of all of the aggravating and mitigating circumstances in this case, the Government respectfully recommends a below-guidelines term of imprisonment of 144 months.

### FACTUAL BACKGROUND

In August 2020, HSI agents in Frederick, Maryland were investigating an individual in Maryland (the "Maryland Target") for child pornography offenses. During that investigation, HSI agents searched the Maryland Target's phone and found messages from December 7, 2019 that the Maryland Target exchanged with Goriss. The Maryland Target (who was not law enforcement) was pretending to be a mother with a three-year-old daughter. In these messages, which are accurately reproduced in the PSR, Goriss (a) inquired whether the Maryland Target ever sexually abused her purported daughter; (b) reported that he sexually abused a child between the ages of 7

1

and 11 years of age; (c) received and sent an image depicting a minor engaged in sexually explicit conduct; and (d) requested additional images of child pornography. *See* PSR at ¶ 8.

When agents in Maryland learned that Goriss resided in Connecticut, the lead was sent to HSI New Haven. There, agents learned that Goriss was the subject of a prior CyberTip report from Tumblr. That CyberTip reported that a blog associated with Goriss uploaded 15 images and one video depicting child pornography between November 18, 2018 and December 4, 2018. The content that Goriss shared on his blog included disturbing messages about child sexual abuse as well as images and videos depicting child abuse material and child exploitative material. PSR at ¶¶ 11 – 15.

In addition to the posts from Goriss's blog, Tumblr also provided private messages Goriss exchanged with other Tumblr users. For example, on November 29, 2018, Goriss sent a message to another user stating, "Im 45", "And I love young pussy." At the time of these messages, Goriss was, in fact, 45. On at least two occasions, Tumblr users contacted Goriss to ask if he wanted to trade child pornography. To his credit, in both instances, Goriss declined the request.

## Procedural Background

On March 9, 2021, the defendant was arrested and detained for a violation of state probation. The probation violation was based on conduct that formed the basis of this offense.

While Goriss was detained, two victims came forward to report that they were sexually assaulted by Goriss. *See* PSR at ¶¶ 20-23. At that point, the Government agreed to postpone resolving the federal child pornography charges in order to give the state prosecutors time to conduct their due diligence and to make charging decisions. Thereafter, the state charged Goriss with several offenses which are pending. *See* Plea Agreement at 6 and PSR at ¶¶ 53-54.

On February 8, 2023, the defendant waived indictment and entered a guilty plea to a one-count Information charging possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2).

## The Plea Agreement and Presentence Report

The parties agree that the sentencing guidelines are calculated correctly in the PSR and the plea agreement. That guideline calculation results in a total offense level of 34 and a Criminal History Category ("CHC") of II and an advisory guideline range of 188 to 235 months of imprisonment and a term of supervised release of 5 years to life. The parties agreed to recommend a below-guidelines sentence of 144 months' imprisonment. In addition, the plea agreement provides for an appellate waiver of a sentence that does not exceed a life time term of supervised release, $22,100 in special assessments and restitution. *See* Plea Agreement at 8.

The Government and defense counsel are aware that pending state charges are likely to be resolved by a similar sentence of 144 months' incarceration. As set forth in the plea agreement, "In exchange for the defendant's agreement that his prior conviction qualifies for [enhanced statutory penalties] and in recognition of the defendant's agreement to plead guilty on the pending state charges… the Government and defendant agree to recommend the Court impose a non-guideline sentence of 144 months of imprisonment." *Id* at 6.[1]

## Analysis of the Section 3553(a) Factors

Title 18, United States Code, Section 3553(a) sets forth a list of factors for the Court to consider when fashioning an appropriate sentence. As noted above, the Government agrees that

---

[1] The defendant may not withdraw his guilty plea if (a) the state charges do not resolve as expected, or (b) this Court imposes a sentence different than the 144 months' recommended by the parties.

a below-Guidelines sentence is appropriate in this case. In the Government's view, the factors listed below are the most significant when determining an appropriate sentence in this case.

### The Nature and Circumstances of the Offense

As set forth in the PSR and in the summary above, the evidence in this case revealed that the defendant had a lengthy and significant interest in in the sexual exploitation of minors, including contact offenses, as well as the possession of child pornography.

Child pornography victims are harmed initially during the production of images, and the perpetual nature of child pornography distribution on the Internet causes significant additional harm to victims. As devastatingly explained in the victim impact statement, victims live with persistent concern over who has seen images of their sexual abuse and suffer by knowing that the images depicting the worst moments of their lives are being used for pleasure and sexual gratification. *See* PSR at ¶¶ 24-25.

On the positive side, the conduct for the instant offense occurred approximately 2 years prior to his arrest. The Government did not discover evidence indicating Goriss was still in possession of child pornography or actively sharing child pornography at the time of his arrest.

### History and Characteristics of the Defendant

While Goriss describes difficulties in his upbringing, his childhood was not plagued by the abuse and poverty that this Court sees far too often among defendants. *See e.g.* PSR at ¶58 (describing his childhood as "average" with no issues with alcohol, drugs or domestic violence).

As part of the pre-sentence investigation, Goriss revealed that he was sexually assaulted. *See* Def. Mem. at 2-3. When presented with a defendant's claim of childhood sexual abuse, the

4

United States is confronted with an unusual challenge. Goriss's claim cannot be proven, nor can it be rebutted. Certainly, there is a natural inclination towards sympathy for any person who suffered childhood sexual abuse. Arguments against such claims are distasteful, yet full acceptance of the unverifiable information is ill-advised.

The Government submits that it is unnecessary to determine the veracity of the defendant's claim. Claims that prior sexual abuse precipitated a Defendant's crimes are commonplace and do not alone justify a reduced sentence. *See, e.g., United States v. Holtz,* 2008 WL 2755449 at *4 (10th Cir. 2008) (claims of prior abuse are "nothing out of the ordinary" and so the district court could properly find that evidence of it "did not justify a below-Guidelines sentence"). The Government submits that the appropriate response to the Defendant's claim is to encourage services and counseling, *in combination with a sentence that reflects the seriousness of his conduct.*[2]

There is no dispute that Goriss had a steady history of employment and has been a supportive father to his son. The challenge, however, is to determine how much weight to afford these undisputed positive attributes when juxtaposed with Goriss's conduct in possessing child pornography, his disturbing comments online and his illegal sexual contact with young females.

---

[2] The causes behind a person's decision to sexually abuse a child remain unknown. As the adage goes, "when facts are few, myths run in." One such myth is that sexual abuse as a child causes sexual abuse later in life. The research simply does not support this claim. *See, e.g.*, Cathy Widom et al., *A Prospective Examination of Whether Childhood Sexual Abuse Predicts Subsequent Sexual Offending*, Journal of American Medical Association, pediatrics (2015) (detailing a long-term and comprehensive study of the extent to which sexually abused children become sex offenders and compares them to physically abused and neglected and non-maltreated children. These results do not provide support for the common belief that being a survivor of childhood sexual abuse carries with it a unique increase in the risk for becoming a sex offender"); Chelsea Leach et al*., Testing the Sexually Abused–Sexual Abuser Hypothesis: A Prospective Longitudinal Birth Cohort Study*, 51 Child Abuse & Neglect 144 (2016), abstract available at https://pubmed.ncbi.nlm.nih.gov/26615777 (last visited April 26, 2023) (finding "no specific association between sexual abuse and sexual offending" and concluding that "very few" sexually abused boys in a studied cohort "went on to become sexual offenders").

**The Need for the Sentence to Reflect the Seriousness of the Offense**

Possessing and sharing images of child sex abuse is a serious offense. The defendant participated in two online communities (the conduct with the Maryland Target and the conduct on Tumblr) discussing his significant interest in child sexual abuse. This behavior functions as a normalizing force for those interested in the sexual abuse of children. The fact that children suffer the sexual abuse in the first place is a horrible reality but add to that the continued exploitation of such children by persons sharing images online and it becomes a never-ending tragedy.

The Government submits that a sentence of 144 months will promote a respect for the law and will help provide justice for the victims who are injured by the continued dissemination of the images of their abuse.

**Respect for the Law and General Deterrence**

The Court's sentence should raise awareness that individuals who possess and share child pornography will result in a substantial term of incarceration. *Schrank* at 937 ("general deterrence is crucial in the child pornography context. Child pornography offenses happen in the shadows, making it difficult to apprehend perpetrators like Schrank who use anonymizing software to hide their identities.") (citations and internal quotations omitted).

**The Need to Afford Adequate Deterrence to Criminal Conduct and
Protect the Public from Further Crimes of the Defendant**

The defendant has a previous conviction for illegal sexual contact with a minor and has two additional charges pending. While no study can predict the likelihood of recidivism of a

particular defendant, weight must be afforded to the fact that Goriss has previously been convicted of a sexual offense against a minor and committed this offense while under a term of supervision. A sentence of 144 months followed by a lengthy period of supervised release will help to prevent future harm by the defendant.

### **Mandatory Additional Special Assessment**

Title 18, United States Code, Section 3014 ("Section 3014") states, in relevant part, "the court *shall* assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under — . . . chapter 110…." 18 U.S.C. § 3014(a) (emphasis added). Section 3014 "does not provide any guidance regarding how a district court should evaluate indigency." *United States v. Avalos*, 743 Fed. Appx. 210, 216 (10th Cir. 2018).

> A significant number of Circuit Courts of Appeal have concluded that, for the purposes of determining indigency under Section 3014, a court must look to the defendant's current and future financial situation. *See United States v. Lail*, 736 Fed. Appx. 381, 382 (4th Cir. 2018); *United States v. Knowles*, 770 Fed. Appx. 125, 126 (4th Cir. 2019); *United States v. Mann*, 770 Fed. Appx. 649, 650 (4th Cir. 2019); *United States v. Childers*, 740 Fed. Appx. 417, 417-18 (5th Cir. 2018); *United States v. Graves*, 908 F.3d 137, 138 (5th Cir. 2018); *United States v. Rodgers*, 711 Fed. Appx. 229, 229 (5th Cir. 2018); *United States v. Shepherd*, 922 F.3d 753, 758-59 (6th Cir. 2019); *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017); *United States v. Janatsch*, 722 Fed. Appx. 806, 811 (10th Cir. 2018); *United States v. Avalos*, 743 Fed. Appx. 210, 216 (10th Cir. 2018). Factors to consider include the defendant's income, financial resources, earning capacity, and any burden the assessment would place on the defendant or dependents. *See Lail*, 736 Fed. Appx. at 382 (citation omitted). A court should also consider any specialized training, education, or skills that the defendant might have and the future employability of the defendant. *See Kelley*, 861 F.3d at 802. The fact that the defendant was represented by court-appointed counsel is probative but is not dispositive of whether the defendant is indigent under Section 3014. *See Shepherd*, 922 F.3d at 759; *see also Kelley*, 861 F.3d at 800; *Avalos*, 743 Fed. Appx. at 216.

*United States v. Safford,* 2019 U.S. Dist. LEXIS 148969, *9-10, 2019 WL 4044038 (NDNY Aug. 15, 2019). The Government requests the Court to find the defendant is not indigent and order the mandatory assessment of $5,000 under 18 U.S.C. § 3014.

### **Restitution**

The Government is aware that the defendant is in the process of negotiating a resolution of the restitution to be paid to the only the victim who submitted a restitution request. The Government requests the Court to postpone a determination as to the amount of restitution for no more than 90 days, pursuant to 18 U.S.C. § 3664(d)(5). If the defendant is able to reach an agreement on the amount of restitution to be paid, the parties will file an update with the Court.

## CONCLUSION

For the foregoing reasons, the Government submits that a sentence of 144 months' imprisonment and a lifetime of supervision will reflect the seriousness of the defendant's offense, promote respect for the, will deter future conduct, and provide the public with protection from future crimes. Such a sentence would be sufficient but not greater than necessary to punish the defendant for his conduct, promote respect for the law, address the seriousness of his offenses and would accurately reflect all other sentencing factors.

Respectfully Submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/ *Nancy V. Gifford*

_____
NANCY V. GIFFORD
Assistant U.S. Attorney
Fed. Bar No. CT16324
450 Main Street
Hartford, CT  06103
860-947-1101

## CERTIFICATION

This is to certify that on April 26, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Nancy V. Gifford*

_____
NANCY V. GIFFORD
ASSISTANT U. S. ATTORNEY